IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL COOPEY, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Civil Action No. 21-1743 |
| vs. | ) <br> ) |
| KILOLO KIJAKAZI, | ) <br> ) <br> ) |
| Defendant. | ) |

ORDER

AND NOW, this 25th day of January 2023, the Court has considered the parties' motions for summary judgment and will order judgment in Defendant's favor. The Administrative Law Judge's ("ALJ") decision denying Plaintiff's applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence; therefore, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[1]

---

[1] Plaintiff has raised two arguments in pursuit of the remand of this matter for further administrative proceedings. First, Plaintiff has argued that the ALJ erred in finding the medical opinions offered by her treating psychiatric nurse practitioner were somewhat persuasive without (a) including all the limitations opined therein in Plaintiff's residual functional capacity ("RFC"), or (b) specifically rejecting those limitations that were excluded. Second, Plaintiff has argued that the ALJ erroneously failed to call attention to Plaintiff's thirty-four-year work history in her evaluation of Plaintiff's alleged symptoms and limitations. For the reasons explained herein the Court will grant Defendant's summary judgment motion, thus affirming the ALJ's non-disability determination.

The Court reviews the final agency determination of disability for "substantial evidence." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). For legal questions, the Court's review is plenary. *Hansford v. Astrue*, 805 F. Supp. 2d 140, 143 (W.D. Pa. 2011). The final decision in this matter is the ALJ's decision because the Appeals Council denied Plaintiff's request for review of that decision (R. 1). 20 C.F.R. §§ 404.981, 416.1481. "Overall, the substantial evidence standard is a deferential standard of review." *Hansford*, 805 F. Supp. 2d at 143

---

(quoting *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004)). Pursuant thereto, an ALJ's decision must be supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Though this standard for evidentiary sufficiency is "not high," *id.*, it is important that an ALJ make his or her findings "as comprehensive and analytical as feasible." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). Adequate explanation facilitates "meaningful review." *Jones*, 364 F.3d at 505. There is no "particular language" or "particular format" requirement, *id.*, nor must an ALJ address "every relevant treatment note" in a claimant's record. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). But an ALJ's explanation of his or her consideration of the evidence must "build an accurate and logical bridge between the evidence and the result." *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (quoting *Hodes v. Apfel*, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999)).

Plaintiff's arguments in this matter pertain to the ALJ's finding of her RFC. A claimant's RFC is "the most [he or she] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It must be "based on all the relevant evidence in [the claimant's] case record." *Id.* In this matter the ALJ found that Plaintiff's RFC included "a full range of work at all exertional levels" with a number of non-exertional limitations such as understanding/remembering/carrying out only simple instructions, limitation to low-stress environments, no climbing ladders/ropes/scaffolds/unprotected heights, and limitation to only "occasional contact with the public, supervisors and co-workers." (R. 30). Using that RFC, the ALJ found Plaintiff could not return to past work as a registered nurse (R. 35), but further found that Plaintiff could adjust to other work with an adequate number of jobs in the national economy and, thus, was not disabled. (R. 36).

Plaintiff's first argument is that the RFC cannot be found to be supported by substantial evidence because the ALJ erred in her evaluation of the medical opinions offered by Plaintiff's treating psychiatric nurse practitioner, Melissa Sasso (CRNP). The ALJ's error, according to Plaintiff's argument, is that the ALJ found Ms. Sasso's opinions to be "somewhat persuasive" (R. 34) but neither included all her opined limitations in the RFC, nor justified her rejection of certain limitations. Plaintiff has emphasized two of Ms. Sasso's opinions that the ALJ is alleged to have harmfully overlooked: (1) that Plaintiff would be off task up to or over 25% of the workday, and (2) that Plaintiff would be absent more than four days monthly. (R. 430, 548—49). The Court is unpersuaded of the error alleged in this regard.

An ALJ's consideration of medical opinions and prior administrative medical findings for applications filed on or after March 27, 2017, is subject to 20 C.F.R. §§ 404.1520c, 416.920c. For such evidence, an ALJ must evaluate persuasive value according to five factors. *Id.* §§ 404.1520c(c), 416.920c(c). ALJs are not required to explain their consideration of every factor toward their assessment of persuasiveness, but they must articulate their consideration of the two most important factors: supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Having considered the ALJ's persuasiveness finding with respect to Ms. Sasso's opinions, the Court is satisfied that the ALJ's evaluation conformed to the applicable regulatory requirements. The ALJ articulated a persuasiveness determination and found Ms. Sasso's opinions to be "somewhat persuasive." (R. 34). Explaining that determination, the ALJ addressed supportability and consistency, writing that Ms. Sasso's opinions were "somewhat supported by the evidence of record and by Ms. Sasso's records" and "somewhat consistent with the medical evidence." (*Id.*). Not only that, but the ALJ clearly considered the more restrictive opinions that she is alleged to have overlooked. The ALJ noted Ms. Sasso's opinions that Plaintiff would be off task for a work-prohibitive amount of time and that she would also be absent more than four days monthly. (*Id.*). Though the ALJ did not explicitly reject those opined limitations, it is clear in context that the ALJ found other, less restrictive opinion and prior administrative medical findings more persuasive with respect to off-task time and absences. In the decision, immediately before discussing Ms. Sasso's opinions and their persuasive value, the ALJ explained that she found findings of the disability determination services ("DDS") physicians to be "generally persuasive" and the opinions offered by consultative examiner Dr. Haneen Efein to be "persuasive." (R. 32, 33). Neither the DDS physicians nor Dr. Efein opined off-task time and absences limitations like those opined by Ms. Sasso (*see id.*); rather, the DDS physicians found Plaintiff could "perform simple tasks, with moderate limitations in concentrating and in interacting with others" (R. 32), and Dr. Efein opined Plaintiff would have moderate difficulty with complex instructions and complex work-related judgments, but that she was only mildly limited "in carrying out simple instructions and in making simple work judgments." (R. 33). Accordingly, the ALJ's evaluation of the medical opinion and prior administrative medical findings evidence provides sufficient insight into how the ALJ arrived at an RFC determination that excluded Ms. Sasso's opined off-task and absences limitations.

Plaintiff's second argument is that the ALJ erred in the evaluation of her credibility. Here, Plaintiff has argued that the ALJ's evaluation of her subjective representation of symptoms was corrupted not only by the ALJ's evaluation of the medical opinion evidence—which the Court has already addressed—but also by the ALJ's failure to highlight her long work history as a credit to her credibility. When ALJs consider a claimant's alleged symptoms they do so in two parts: first, they must identify a "medically determinable impairment that could reasonably be expected to produce an individual's alleged symptoms." SSR 16-3P, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017). Once a causal medically determinable impairment has been identified, then an ALJ "evaluate[s] the intensity and persistence of [the claimant's] symptoms such as pain and determine[s] the extent to which [such] symptoms limit his or her ability to perform work-related activities." *Id.* at *4. A claimant's work history is a relevant factor in this evaluation. *Id.* at *6; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The United States Court of Appeals for the Third Circuit has explained that a long work history bolsters a claimant's credibility. *Taybron v. Harris*, 667 F.2d 412, 415 n.6 (3d Cir. 1981) ("Furthermore, when the claimant has worked for a long period of time, his testimony about his work capabilities should be accorded substantial credibility."); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984). Credibility is not a regulatory term, and the Social Security Administration ("SSA") recently eliminated that term from its "sub-regulatory policy"

3

to clarify that an ALJ's evaluation of a claimant's subjectively alleged symptoms is "not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2.

Considering the importance of work history in subjective symptom evaluations, this Court and others have explained that though a long work history supports a claimant's allegations, an ALJ does "not err by failing to afford [a claimant] heightened credibility based solely on his [or her] work history." *Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004); *Skrbin v. Colvin*, No. CV 15-803, 2016 WL 5390140, at *4 (W.D. Pa. Sept. 26, 2016) ("Although the ALJ did not specifically note that plaintiff had a lengthy work history, it is clear from her decision that she considered the record as a whole in assessing plaintiff's credibility[.]"). Rather, "[t]here generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility." *Eckard v. Kijakazi*, No. CV 21-1402, 2022 WL 18027825, at *1 n.1 (W.D. Pa. Dec. 30, 2022). "It is more significant that the ALJ base his or her evaluation of a claimant's testimony on a broad view of the record and that the finding be supported by substantial evidence." *Id.*; *Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015) ("Sanborn is correct that the ALJ did not explicitly discuss his years of uninterrupted employment. Nonetheless, the ALJ did explain why she found that Sanborn's subjective reports of intense, persistent, and near-completely disabling back pain were belied by other evidence of record[.]").

In this matter the ALJ indicated her awareness of Plaintiff's long work history: she found that Plaintiff had met the insured status requirements under the Act through December 31, 2023 (R. 27), a finding that Plaintiff has not contested as inaccurate. The ALJ discussed Plaintiff's past relevant work as a registered nurse. (R. 35). The ALJ also thoroughly supported her evaluation of Plaintiff's subjective allegations. After finding that Plaintiff's medically determinable impairments could cause Plaintiff's alleged symptoms, the ALJ explained that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of [her] symptoms are not entirely consistent with the medical and other evidence." (R. 31). For support she identified evidence tending to show that Plaintiff was not as limited as she alleged herself to be. Plaintiff had alleged, among other things, that she could not work full-time hours because of stress-induced anxiety. (R. 30—31). But objective records showed a mix of normal and abnormal findings that the ALJ found failed to bear out Plaintiff's alleged symptom intensity. For instance, Plaintiff's consultative examination results showed both abnormal findings (*e.g.*, tense posture, anxious and depressed mood, and impaired memory functions) and unremarkable findings (*e.g.*, average intelligence, fair insight, and appropriate eye contact). (R. 32). Plaintiff's treatment notes with Ms. Sasso showed manic episodes, but also mental status examinations where she had "intact or improved attention," "a normal fund of knowledge," and "fair insight and judgment." (*Id.*). The ALJ also considered Plaintiff's daily activities, such as "working at a store for her mother, for four or five days per week and for about four hours at a time," as well as Plaintiff's ability to take care of self-care needs such as grooming, driving, and maintaining family relationships. (R. 35). Where the ALJ provided this thorough evaluation of evidence to support the subjective symptom evaluation in her decision, the Court will not fault the ALJ for

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/ Alan N. Bloch  
United States District Judge

ecf:   Counsel of Record

---

her omission of further discussion of Plaintiff's work history.  Accordingly, for this and the foregoing reason, the Court will affirm the ALJ's non-disability determination.